## NICHOLS v. THE SUNCOOK MANUFACTURING COMPANY.

The dissent of a juror to a verdict cannot be shown otherwise than by his own declaration, publicly made in open court when the verdict is read by the clerk.

A change of opinion by a juror, after he has agreed to a verdict, and the verdict has been sealed up, and the jury by consent of parties have separated, seems to furnish no cause for rejecting the verdict.

THE case was submitted to the jury late in the evening. The presiding justice being under the necessity of attending a distant

court in the morning, the jury were directed, by consent of par⸗ ties, to seal up their verdict and return it at the opening of the court the next morning. The verdict was returned sealed by the foreman to the court, then held by the county justices. Upon its being read by the clerk, it was suggested by one of the counsel that there must be a mistake or misunderstanding as to the effect of a confession which was entered upon the record of a part of the plaintiff's claim; and an inquiry was made of the foreman relative to that point, but it did not seem from his answers that there was any such mistake. One of the counsel then went to one of the jurors and had some conversation with him in a low voice, and upon returning to his seat stated to the court that the juror had told him that he did not agree to the verdict, and that there was an error in the amount, and he moved that the jury might be sent out to correct the verdict.

The court, under the circumstances, declined to interfere with the verdict, unless by consent of parties, which was not given. The verdict was then entered upon the record, and permission given to file exceptions, and the counsel for the defendant there-upon moved that the verdict should be set aside, because—

1. It was not the verdict of the whole jury.

2. Because, when the verdict was returned, and immediately after it was read by the clerk, a juror stated in his place that he did not agree to the verdict, and that there was an error in the amount.

*Pierce & Minot*, for the defendant.

*Bellows* and *Fowler*, for the plaintiff.

BELL, J. At common law, when a verdict is returned any juror may in open court declare his dissent before the verdict is recorded, and either of the parties may require a poll of the jury. 3 Black. Com. 377.

In some of the States this rule is held to apply in cases where, by permission of the court, the jury have sealed up their verdict

and separated before their verdict is returned. *Lawrence* v. *Stearns*, 11 Pick. 501; *Root* v. *Sherwood*, 6 Johns. 68.

In this State it has not been the practice to allow a poll of the jury; and in the case of *School District* v. *Bragdon*, 3 Foster's Rep. 507, it was decided that where the jury, by consent of parties, have sealed up their verdict and separated, neither party has a right to require a poll of the jury. The permission to the jury to seal up their verdict and separate before their verdict is returned into court, is given here only by consent of parties. Such consent operates as a waiver of any right which would be practically inconsistent with such permission. It would be most unreasonable to permit a verdict to be rejected because of a change of opinion by a juror who had deliberately agreed to it after he had been exposed to the solicitations of the parties, or other improper influences.

It would seem that if in such a case a juror should voluntarily express his dissent from the verdict, the inquiry should be confined to the time of sealing up the verdict. And the verdict should be rejected only in case it appeared that his decision was at that time "misunderstood, or misrepresented by the foreman or his fellows, or that he was forced into an acquiescence by improper means."

Upon the affidavits laid before us, it does not appear that any juror did in fact declare his dissent from the verdict openly to the court; but any dissent supposed to have been expressed by the juror, was communicated by him privately to one of the counsel, and brought to the notice of the court only at second hand. And we are of the opinion that no evidence can be heard in court to show the dissent of a juror to a verdict, but his own declaration, made publicly in open court, at the time when the verdict is read by the clerk.

*Judgment on the verdict.*